Syllabus.

# Richmond.

## RIVERSIDE AND DAN RIVER COTTON MILLS, INC. v. THOMAS BRANCH & COMPANY.

March 17, 1927.

1. CORPORATIONS—*Dividends—Cash and Stock Dividends—Preferred Stockholders.*—A cash dividend is essentially different from a stock dividend. The distribution of the former in no way prejudices the rights of the preferred stockholders, while the distribution of the latter to common stockholders seriously affects the interest of preferred stockholders in the corporation.

2. STOCK AND STOCKHOLDERS—*Preferred Stockholders—Stock Dividend to Common Stockholders Only—Permitting Common Stockholders Only to Subscribe to New Stock.*—When there are two kinds of stockholders, one preferred and the other common, and there is no difference in their status under the corporate charter except a preference as to dividends, and none under statute law, the sale of stock to common stockholders at par, without giving the preferred stockholders an opportunity to purchase their proportionate part under the same conditions, or the issuance of a stock dividend to the common stockholders to the exclusion of the preferred stockholders, is an impairment of the rights of the preferred stockholders which entitles them to relief in equity if the stock has not been delivered, or to damages for breach of a contract obligation if it has.

3. STOCK AND STOCKHOLDERS—*Preferred Stockholders—Stock Dividend to Common Stockholders—Demand or Protest by Preferred Stockholders—Appeal and Error—Harmless Error—Case at Bar.*—The instant case was an action by preferred stockholders against the corporation for damages for failure of the corporation to issue to them their *pro rata* share of common stock, when the corporation issued all its unused common stock as a stock dividend to its common stockholders. Defendant objected to the introduction of a letter from counsel for plaintiffs demanding their portion of the stock on the ground that the demand for the stock was inexcusably delayed. The preferred stockholders were without notice or knowledge of the intention of the directors to declare a stock dividend of all the corporation's unissued stock to its common stockholders until after the time for the delivery of such stock to the common stockholders. No demand for the stock

or protest therefor was necessary and a failure to make such demand or protest was no evidence of a waiver of any rights claimed by the preferred stockholders.

*Held:* That the admission of the letter, if error, was harmless error.

4. CORPORATIONS—*Action by Preferred Stockholders Against Corporation for Exclusion from Participating in the Stock Dividend—Real Parties in Interest—Case at Bar.*—In the instant case, an action by preferred stockholders against the corporation for damages for their exclusion from participation in a stock dividend, it was assigned as error that the court erred in refusing to require plaintiffs to amend their declaration so as to allege the true ownership of the stock in question. It appeared in evidence that plaintiffs did not own the stock but were agents of the owners and that the stock was carried on the books of the corporation in their name and had always been managed by them.

*Held:* That there was no merit in the assignment of error.

5. CORPORATIONS—*Preferred Stockholders—Action for Damages Against Corporation for Excluding Preferred Stockholders from Participating in a Stock Dividend—Date for Determining Measure of Damages—Case at Bar.*—In an action by preferred stockholders against the corporation for damages for their exclusion from participation in a stock dividend, the date for determining the measure of damages was the date of the delivery of the stock dividend to the common stockholders.

6. CORPORATIONS—*Action by Preferred Stockholders for Exclusion from Participation in a Stock Dividend—Interest—Section 6259 of the Code of 1919.*—In an action for damages by preferred stockholders against the corporation for their exclusion from participation in a stock dividend, it was error to instruct the jury to allow interest from a certain date, as under section 6259 of the Code of 1919 the allowance of interest should have been left to the jury.

Error to a judgment of the Circuit Court of Pittsylvania county, in an action of assumpsit. Judgment for plaintiffs. Defendant assigns error.

*Amended and affirmed.*

The opinion states the case.

*Malcolm K. Harris,* for the plaintiff in error.

*Legh R. Page* and *John S. Eggleston,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This is an action of assumpsit instituted in the Circuit Court of Pittsylvania county by Thomas Branch & Company (holders of record of 671 shares of preferred stock of the Riverside and Dan River Cotton Mills, Incorporated), against said cotton mills, to recover damages for its failure to issue to them their alleged *pro rata* share of common stock as a stock dividend, as will appear later and for issuing all of its unissued common stock as a stock dividend to its common stockholders.

The facts of the case are practically undisputed. They form the basis of the plaintiff's claim and are succinctly set out in a special count of the declaration.

A brief but fair statement of the facts is that the cotton mills, a Virginia corporation, on December 21, 1923, had outstanding common stock consisting of 60,000 shares of the par value of $100.00 per share, of the total par value of $6,000,000.00 and 75,000 shares of six per cent preferred stock of the par value of $7,500,000.00. Its authorized capital stock was $15,-000,000.00, of which half should be preferred stock and half common stock.

So that on that date there were 15,000 shares of common stock unissued. The plaintiffs, Thomas Branch & Company, a partnership, were the holders of record of 671 shares of preferred stock. The preferred stockholders had, under the charter of the mills company, preference as to dividends only, and the limit of their dividend was six per cent accumulative. They stood on an equal footing with the common stockholders in all other respects. They had the same voting power per share as the common stockholders and an equal but no prior or greater right to participate in distribution of the assets in case of dissolution.

In this situation, on December 21, 1923, the board of directors adopted a resolution which, among other things, resolved: "That there is hereby declared a stock dividend of twenty-five per cent (25%) on the outstanding common capital stock of this company, payable *as of January 1, 1924,* to holders of the common stock of record at the close of business December 21, 1923, the said dividend to be paid in common stock of the company and same to be in lieu of any other or cash dividend on the common stock for the period April 1, 1924, to April 1, 1925.

"That the usual semi-annual dividend of three per cent (3%) on the preferred stock of this company is hereby declared, payable in cash on the first of January, 1924, to the stockholders of record at the close of business December 21, 1923."

The semi-annual dividend of three per cent was mailed all the preferred stockholders including Branch & Company, on or about January 1, 1924, and notice of a stockholders meeting to be held January 24, 1924, was sent to all stockholders. Branch & Company were not represented at this meeting but the action of the board of directors in declaring the stock dividend was ratified and approved.

On October 15, 1924, Branch & Company wrote a letter to the cotton mills company, demanding delivery of their proportionate share of the common stock issued pursuant to the resolution of December 21, 1923.

In November, 1924, Branch & Company filed a declaration in assumpsit against the mills thus instituting this proceeding, demanding $70,850.00 as damages for failure to deliver the stock dividend as claimed and demanded by them. Their declaration contains the common counts in assumpsit and a special count. This special count alleges that Branch & Company were the

holders of record of 671 shares of preferred stock, recites the action of the board of directors above set out, al leges payment of twenty-five per cent of their holdings to the common stockholders in common stock, declares their right as preferred stockholders to participate in the stock dividend, and alleges that the market value of this common stock was, on January 1, 1924, $260.00 per share.

The defendant appeared and demurred to the declaration.  The demurrer having been sustained on the tenth ground as to after-acquired stock, Branch & Company amended their declaration, and, upon a peremptory instruction, given by the court at the request of Branch & Company, the jury returned a verdict in their favor in the sum of $14,910, with interest from January 1, 1924.  This verdict the court refused to set aside and entered judgment against the defendant.

There are eight assignments of error.  They complain of the action of the court in overruling the demurrer to the declaration, in giving the single instruction above referred to, in excluding eight instructions tendered by the mills, in admitting certain evidence and in excluding other evidence.

It is not necessary to discuss at length any of the assignments except those which involve the instruction and the refusal of the court to set aside the verdict of the jury and enter judgment for the defendant.  Upon the facts of the case, as narrated above, the trial court took the view that this case was controlled by the decision of this court in *Thomas Branch & Co.* v. *Riverside & Dan River Cotton Mills, Inc.,* 139 Va. 291, 123 S. E. 542, and that under the facts of this case and in view of that decision there could be no other verdict than one for Branch & Company.  We are in accord with this view. The only difference between that case and the instant

case is an immaterial one of fact, so far as the application of the principles therein decided are concerned. In that case the real question at issue was whether the preferred stockholders had the right to participate, by purchase at par, in an issue of common stock, made exclusively to the common stockholders of the defendant corporation, to the extent of their proportionate holdings of stock therein, upon the same terms and conditions as common stockholders.

In the instant case the question at issue is, whether preferred stockholders (preferred as heretofore set out, as to dividends only), have the right to have issued to them a stock dividend along with the common stock-holders, as heretofore set out in the statement of the case.

In *Branch & Co.* v. *Riverside, etc., Cotton Mills, supra,* the complainants, for themselves and all other preferred stockholders who cared to participate as complainants, filed their bill in chancery, praying that the contract under which the preferred stock of the corporation was issued may be construed by the court; that the rights of the holders of preferred stock may be adjudicated, protected and enforced; and that the corporation may be required to issue to complainants common stock of the corporation to the extent of fifty per cent of their respective holdings of preferred stock in the corporation.

The charter of the Riverside and Dan River Cotton Mills (defendants in the instant case also) was construed in that case, and all the State statutes bearing on the controversy were reviewed. After a most careful analysis of the charter, this is said at page 303 (123 S. E. 545): "The language of the charter, 'and shall be preferred only as to dividends,' by implication provides that in all other respects the holder of preferred stock shall stand on the same footing as the owner of common

stock. The expression of a preference, and a limitation as to dividends, excludes them as to all other rights of the preferred stockholder. It is clear that the preference does not deprive the preferred stockholder of his preemptive right to subscribe to his *pro rata* share of the new issue of stock. The object and purpose of the limitation was to prevent the holders of preferred stock from receiving a dividend in excess of six per cent upon preferred stock, and not to preclude them from becoming holders of common stock, or from receiving the dividend on common stock which other holders of common stock might receive."

After reviewing the statute law applicable to the case, this is said, at page 306 (123 S. E. 546): "We have made reference to the provisions of the statutes which have any bearing upon the matters at issue. We find nothing which limits the rights of the preferred stockholders, beyond the limitations as to dividends set forth in the charter above referred to."

[1] And then, meeting the contention made in that case and now made here that under the charter the preferred stockholders were entitled to a six per cent dividend and no more, at page 310 (123 S. E. 547), it is said: "It is true that the preferred stockholders were entitled to no dividend in excess of six per cent, and that the residue of the profits might, if deemed for the best interest of the corporation, be paid to the common stockholders in cash dividends. But the board of directors had no authority to declare a stock dividend, in whole or in part, in favor of, or sell the new stock exclusively to, the holders of common stock. The reason is obvious. A cash dividend is essentially different from a stock dividend. The distribution of the former in no way prejudices the rights of the preferred stockholders, while the distribution of the latter to common stock-

holders seriously affects his interest in the corporation. They had no authority under the charter to issue new shares of stock to them only, on an increase of the capital stock, and thereby diminish the proportionate interest of the preferred stockholders in the assets of the corporation.

"Our conclusion is that the complainants were entitled to subscribe to the new stock at $100.00 per share to the extent of twenty per cent of their holdings of preferred stock as claimed in their bill."

This court held in that case that "equity can grant relief in a proper case where it is shown that it is the purpose of a corporation to issue unissued stock to persons who are not entitled to the same. In such a case equity will intervene and protect the rights of parties complaining." Quoting 4 Thompson on Corporations (2nd ed., section 3650).

The case was reversed on the ground that the complainants had delayed institution of court proceedings until after the stock was issued to the holders of the common stock, and "remanded to the circuit court, with leave to the complainants to amend their pleadings, under Code section 6084, as may be necessary to conform them to the proper practice, thereby obviating the objection that their suit was not brought on the right side of the court, and have the case determined upon such amended pleadings; or to dismiss their bill and institute a new suit or suits at law, as they may be advised."

The principles upon which that case was decided are, that a distribution of shares of stock whether by sale at par or as a stock dividend to common stockholders alone, when the preferred stockholders are preferred as to dividends only, seriously affects the interest of the preferred stockholder in the corpora-

tion, affecting his voting influence and diminishing his interest in the assets of the corporation. These principles, as stated, and for identical reasons, are applicable to the case at bar. They are supported by a wealth of authority from other jurisdictions. Numerous quotations from these might be made showing the applicability of the principles to cases similar to the instant case, but as Virginia, in *Branch & Company* v. *Riverside, etc., Mills, supra*, has been aligned with authorities holding this view, it is not necessary to do more than to cite the cases cited in support of that decision and to mention some of the more important decisions which fully support the conclusions reached here. See *Jones* v. *Railroad*, 67 N. H. 119, 38 A. 120; *Stokes* v. *Continental Trust Co.*, 186 N. Y. 285, 78 N. E. 1090, 12 L. R. A. (N. S.) 969, 9 Ann. Cas. 738; *Kaufman* v. *Charlottesville Woolen Mills*, 93 Va. 673, 25 S. E. 1003; *Gibbons* v. *Mahon*, 136 U. S. 549, 10 S. Ct. 1057, 34 L. Ed. 525; *Eisner* v. *Macomber*, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

[2] The final result of the decisions of controversies such as we are dealing with here is, that when there are two kinds of stockholders, one preferred and the other common, when there is no difference in their status under the corporate charter except a preference as to dividends, and none under statute law, the sale of stock to common stockholders at par, without giving the preferred stockholders an opportunity to purchase their proportionate part under the same conditions, or the issuance of a stock dividend to the common stockholders to the exclusion of the preferred stockholders, is an impairment of the rights of the latter which entitles them to relief in equity if the stock has not been delivered, or to damages for breach of a contract obligation if it has. This being true, the

ends of justice dictate that the judgment in this case be affirmed (except as to interest), and that the interposition of technical obstacles, difficult though some of them are, should not stand in the way of the attainment of that end.

It is clear from what has been said that the demurrer was properly overruled, since the special count of the declaration in this case, under the authority of *Branch & Co.* v. *Riverside and Dan River Cotton Mills Co., Inc.,* 139 Va. 291, 123 S. E. 542, and *Thomas Branch & Co.* v. *Riverside and Dan River Cotton Mills Co., Inc.,* post, page 522, 137 S. E. 614, decided at this term of this court, states a case which, if supported by evidence, entitles the plaintiff, Branch & Company, to recover.

[3] One or two additional assignments of error should be referred to. One involves conduct on the part of Branch & Company alleged to· be a waiver of any right.they may have had to the stock claimed. It relates to the introduction of a letter from counsel for the plaintiffs demanding their portion of the stock. The letter was dated October 15, 1924. Counsel for the cotton mills objected to the introduction of the letter chiefly on the ground that the demand for the stock was inexcusably delayed.

The error, if error it was, in permitting introduction of the letter, was harmless, as the trial court, under the circumstances of this case and upon uncontradicted evidence, properly took the position that Branch & Company being without notice or knowledge of the intention of the directors to declare a stock dividend of all its unissued common stock to its common stockholders until after the time for the delivery of such stock to the common stockholders, no demand for the stock or protest was necessary to the action of the

mills, and a failure on the part of the plaintiffs to make such demand or protest afforded no evidence of waiver. We are in accord with this view of the trial court.

[4] Another assignment of error is that the court erred in refusing to require the plaintiffs to amend their declaration so as to allege the true ownership of the stock in question.

There is no merit in this assignment. The identical question between these identical parties is disposed of in *Thomas Branch & Co.* v. *Riverside and Dan River Cotton Mills Co., Inc.*, post, page 522, 137 S. E. 614, handed down at this term of this court. See also *Leterman* v. *Charlottesville Lumber Co.*, 110 Va. 769, 67 S. E. 281.

There were a number of objections to the instruction "A," which is copied in the margin.* It is necessary to consider only two of these objections.

[5] 1. That the date for determining the measure of damages, January 1, 1924, is an incorrect date.

It seems obvious that January 1, 1924, was the proper date for determining the measure of damages, since that was the date of delivery of the stock dividend to the common stockholders under the resolution of the board of directors.

See *Gray* v. *Bank of Portland*, 3 Mass. 390-1 (3 Am. Dec. 156), where the court in laying down the rule for the measure of damages in a case where the plaintiff was

---

*The court instructs the jury that it is the duty of the court, and not of the jury, to construe the written instruments which constitute the contract between the parties and to define their rights and liabilities thereunder; and that being so, the court instructs the jury that if they believe from the evidence in this case that the plaintiffs are now the registered holders on the books of the defendant corporation of 671 shares of the preferred stock of said corporation and were such holders of said shares at the close of business on December 21, 1923, and on January 1, 1924, and that on said 21st day of December, 1923, the defendant corporation, by its board of directors, declared a stock dividend of twenty-five per cent amounting to 15,000 shares of $1,500,000.00 payable in common stock to the common stockholders of record on the books of the corporation as of January 1, 1924, and paid the same exclusively to the holders of such common stock and did not

denied the right to participate in an issue of stock said: "It is important that a general rule should be established and known; and as such I think none so reasonable as that which has been, so far as I know, invariably adhered to here; that the price of stock at the time it should be transferred or delivered (and the same rule applies to other personal property) shall be that by which the damages shall be assessed. If the plaintiff intends to retain the stock, the then price is what he must pay for an equal amount, and if he intends it for sale, that price is what he would obtain for it."

[6] 2. That the jury should not have been instructed that they should, as a matter of law, allow interest.

It was error to instruct the jury as a matter of law that they should allow interest. *Thos. Branch & Co.* v. *Riverside and Dan River Cotton Mills Co., Inc.*, post, page 522, 137 S. E. 614, handed down at this term. In that case this is said: "The allowance of interest should have been left to the jury. Section 6259 of the Code provides: 'In any action, whether on contract or for tort, the jury may allow interest on the sum fixed by the verdict, or any part thereof, and fix the period at which the interest shall commence.' In *Washington, etc., Ry.* v. *Westinghouse Co.*, 120 Va. 637, 89 S. E. 131, 91 S. E. 646, the declaration contained the common counts in assumpsit and also a special count upon the contract. The jury was given a peremptory instruction

pay to plaintiffs their proportionate part of such common stock dividend, that is, 74.55 shares; and that at said time the defendant corporation had an authorized capital stock of 75,000 shares of $7,500,000.00 of preferred stock and 75,000 shares, or $7,500,000.00 of common stock, and had there issued and had outstanding all of the preferred stock and all of the common stock, except 15,000 shares, or $1,500,000.00 of common stock, so paid to the common stockholders as a stock dividend as aforesaid, the jury must find for the plaintiff and assess their damages at the market value of their proportionate part of said stock dividends, that is, 74.55 shares, on January 1, 1924, with interest thereon from said January 1, 1924, until paid.

that if they found for the plaintiff they should allow interest from the time plaintiff's demand accrued under the terms of the contract, and the court held that this instruction was in conflict with the above mentioned section, and was such an invasion of the province of the jury as to constitute error."

In all other respects the instruction fairly submitted the case to the jury, is hypothecated upon the evidence in the case, and is in conformity with the decision in *Branch & Co.* v. *Riverside, etc., Cotton Mills*, 139 Va. 291, 123 S. E. 542, *supra*, and the case of the same style, 137 S. E. 614, handed down at this term.

In view of the fact that no other verdict than the one found by the jury could properly have been found, it is unnecessary to discuss any other assignments of error.

Thomas Branch & Company, waiving any claim to interest prior to the verdict, and there appearing in the record sufficient to enable this court to enter judgment according to the right of the case, judgment will be entered in this court in favor of Thomas Branch & Company against the Riverside and Dan River Cotton Mills, Incorporated, for $14,910, with interest from the date of the verdict, to-wit, the 26th day of June, 1925, and also for their costs.

*Amended and affirmed.*