# Staunton

CYRUS W. BEALE V. DORIS TEMPLE KING, ADMINISTRATRIX OF THE
ESTATE OF PETER H. KING, DECEASED.

September 11, 1963.

Record No. 5598.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*George E. Haw*, for the plaintiff in error.

*Robert Cantor* (*Colston A. Lewis; Cantor & Cantor*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Cyrus W. Beale, sometimes hereinafter referred to as the plaintiff, filed a motion for judgment against Doris Temple King, administratrix

of the estate of Peter H. King, deceased, to recover the sum of $2,994 with interest thereon from July 24, 1943, for the fair value of legal services rendered to the decedent. After the defendant administratrix had filed a general denial there was a trial by a jury which rendered a verdict stating that they valued "the plaintiff's services at $1,500 plus interest from July 24, 1943."

The plaintiff moved to set aside the verdict on the ground, among others, of inadequacy, asserting that under the evidence adduced it should have been for the full amount claimed with interest. The defendant moved to set aside so much of the verdict as allowed interest from July 24, 1943.

In a written opinion the lower court held that the evidence was sufficient to sustain the amount of the verdict in favor of the plaintiff for $1,500. It sustained the defendant's motion as to the allowance of interest prior to the date of the verdict on the ground that the claim was theretofore unliquidated. Accordingly, it entered a final judgment in favor of the plaintiff for the sum of $1,500 with interest thereon from the date of the verdict. We granted the plaintiff a writ of error to review that judgment.

The principal contentions of the plaintiff which we need consider are that (1) the verdict in his favor for $1,500 was contrary to the law and the evidence and inadequate; (2) the disallowance by the lower court of interest from July 24, 1943, as fixed by the verdict of the jury, was contrary to the provisions of Code, § 8-223.

The plaintiff, who was at that time a member of the Richmond bar, testified that he was employed on or about June 3, 1941, by Peter H. King with respect to a claim of $850 which King had against A. D. Price, Jr., trading as Price Funeral Home. King was at the time considering acquiring an interest in that business which was in receivership in a state court proceeding. Beale advised him not to do so. Later Price filed a petition in bankruptcy and was adjudicated a bankrupt. In August, 1941, Beale was appointed counsel for the trustee in bankruptcy and continued as such until the proceeding was terminated.

In January, 1943, King acquired the assets of the bankrupt estate and engaged Beale to aid him in organizing and conducting a funeral business and acquiring a place for its operation. Beale formed and organized a corporation for the purpose of carrying on this business. King was the principal stockholder in the business which turned out to be quite successful.

Beale testified that his services to King in these matters covered a period of 197 days and were terminated on July 24, 1943. About that time Beale became disabled from a heart condition, was hospitalized, and had to retire from practice. He further testified that when he was in the hospital King visited him, was told that his charge for legal services rendered was $3,000, and that King made no objection or protest thereto. Beale also said that from time to time King promised to pay this bill, but failed to do so.

In 1946 King employed Robert G. Cabell, a member of the Richmond bar, with respect to litigation in which King had become involved. Beale had in his possession certain documents which Cabell thought would be helpful to King in that litigation. When Cabell asked for these Beale replied that he was holding them as security for the fee which King owed him. Then, Beale said, for the first time King claimed that his charges were excessive and that $150 was adequate for the services rendered.

Alexander W. Parker, a member of the Richmond bar, and Honorable Samuel B. Witt, Jr., Judge of the Hustings Court of the city of Richmond, testified as to Beale's qualifications as an attorney. They further testified that, in their opinion, his charge of $3,000 for services rendered King was reasonable.

On the other hand, there is evidence that during his lifetime King denied that he owed Beale more than $150. There is other evidence that King understood that Beale had been partly compensated for his services to King by the allowances which had been made to him as attorney for the trustee in the bankruptcy proceeding. There is also evidence that a part of the services rendered by Beale was in exchange for many services to him by King over a period of years.

In June, 1948, Beale and King agreed to submit to arbitration by Cabell the fair and reasonable amount due Beale for his services. Before an award was made King died. In *King, Adm'x* v. *Beale*, 198 Va. 802, 96 S. E. 2d 765, 63 A. L. R. 2d 746, we held that King's death terminated the right of the arbitrator to act and that an action would not lie on the award thereafter made. We further held that that judgment was without prejudice to the right of Beale to proceed against the administratrix for the fair value of the services rendered by him to the decedent. (198 Va., at page 810, 96 S. E. 2d, at page 771.) Shortly thereafter the present suit was instituted.

We agree with the lower court that under the evidence submitted the jury had the right to fix the reasonable or fair value of the plaintiff's services to King at $1,500, as stated in their verdict.

In the absence of an express agreement as to the amount of compensation, there is an implied agreement that an attorney is entitled to reasonable remuneration for services rendered. 7 C. J. S., Attorney and Client, § 191-a, p. 1079; 7 Am. Jur. 2d, Attorneys as Law, § 203, p. 165; *Id.*, § 235, p. 183; *County of Campbell* v. *Howard*, 133 Va. 19, 51, 112 S. E. 876. In the present case the jury were so instructed at the request of the plaintiff.

At the further request of the plaintiff the jury were instructed that in arriving at the reasonable or fair compensation, if any, due to the plaintiff for the services rendered they should take "into consideration the time consumed, the efforts expended, the nature of the services and the results thereof as shown by the evidence."

While the only testimony as to the reasonable or fair value of the plaintiff's services was that of the witnesses, Parker and Witt, who fixed the value at $3,000, such opinion evidence was not conclusive or binding either on the court or on the jury. As is said in 7 Am. Jur. 2d, Attorneys at Law, § 269, p. 197:

"The opinion evidence of expert witnesses as to the value of an attorney's services is not conclusive or binding either on the court or on the jury. It is to be taken into consideration, with all the other evidence in the case, in arriving at a conclusion as to the just value of the services performed. The jury, or the court, in cases tried without a jury, must weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services."

We approved these principles in *Maupin* v. *Maupin*, 158 Va. 663, 672 ff., 164 S. E. 557. See also, C. J. S., Attorney and Client, § 191-d, p. 1093.

 Over the objection of the defendant administratrix the lower court instructed the jury that they "may in its (*sic*) discretion allow interest on the sum, if any, found by them to be a fair value of the services rendered by the plaintiff. It is further within discretion of the jury to fix the date from which such interest, if awarded, shall run, in no case, however, prior to the date of the completion of such services which the plaintiff has herein claimed to be July 24, 1943." In conformity with this instruction the jury in their verdict allowed interest from the date suggested on the amount awarded the plaintiff.

On the motion to set aside the verdict the lower court sustained the defendant's contention that this instruction permitting the jury in their discretion to allow interest from July 24, 1943, was erroneous, because, it said, the plaintiff's claim was unliquidated until the date of the verdict and should not bear interest before the latter date. Consequently, the court set aside the jury's award of interest and entered judgment for the plaintiff for the sum of $1,500 with interest thereon from the date of the verdict.

The general rule is that in the absence of agreement or statute to the contrary, interest is not recoverable on an unliquidated demand. 47 C. J. S., Interest, § 19, p. 28; 30 Am. Jur., Interest, § 40, p. 37; Corbin on Contracts, Vol. 5, § 1048, p. 247. In the case before us the question is whether under the terms of our statute (Code, § 8-223) it was within the discretion of the jury to allow interest on the amount of their award commencing at a date prior to the date of their verdict.

We agree with the position of the plaintiff that under the provisions of Code, § 8-223, the lower court correctly instructed the jury that it was within their discretion to allow interest on the sum awarded the plaintiff and fix the date from which such interest should commence, and that the jury having allowed interest on the amount of their award from July 24, 1943, judgment should have been entered accordingly.

Section 8-223 reads as follows:

"*Verdict to fix period at which interest begins; judgment for interest.*—In any action whether on contract or for tort, the jury may allow interest on the sum found by the verdict, or any part thereof, and fix the period at which the interest shall commence. If a verdict be rendered which does not allow interest, the sum thereby found shall bear interest from its date, and judgment shall be entered accordingly. In any suit in equity, or in an action or motion founded on contract, when no jury is impaneled, decree or judgment may be rendered for interest on the principal sum recovered, until such decree or judgment be paid; and when there is a jury, which allows interest, the judgment shall, in like manner, be for such interest until payment."

It will be observed that the first portion of this statute governs the allowance of interest by a jury "In any action whether on contract or for tort." It expressly provides that in such an action "the jury may allow interest on the sum found by the verdict, or any

part thereof, and fix the period at which the interest shall commence." If the verdict does not allow interest the sum shall bear interest from its date and judgment shall be entered accordingly.

The second portion of the section governs the allowance of interest "In any suit in equity." Where no jury is impaneled the decree or judgment may be rendered for interest on the principal sum recovered. Where there is a jury which allows interest the judgment shall, in like manner, be for such interest.[1]

It is perfectly plain that in the first portion of § 8-223, governing the allowance of interest by a jury, the jury is given a broad discretion both as to the allowance of interest and fixing the date at which it shall commence. There is nothing in the language used to indicate that the discretion in either instance shall not be exercised in the case of an unliquidated claim. The fact that the provisions of the statute are to be applied in a tort action, which is usually on an unliquidated claim, clearly indicates a legislative intent that an unliquidated claim is within its purview.

Burks Pleading and Practice, 4th Ed., § 321, p. 587, comments on this statute thus: "In Virginia, the jury is permitted, in actions of tort, as well as contract, to allow interest and fix the date from which it is to run, and if a verdict is rendered which does not allow interest, the sum found bears interest from the date of the verdict."

*Washington & Old Dominion Ry.* v. *Westinghouse Electric & Mfg. Co.,* 120 Va. 620, 89 S. E. 131, 91 S. E. 646, was an action in assumpsit by Westinghouse to recover the alleged balance due on an account for the purchase price of equipment. The declaration contained the common counts and a special count with an itemized account of the claim. The defendant pleaded nonassumpsit and a plea of offset. The lower court instructed the jury that if they found for the plaintiff they should allow interest from the time the plaintiff's demand accrued under the terms of the contract. We held that that instruction was in conflict with § 3390 of the Code of 1887 (now § 8-223 of the Code of 1950) which left to the discretion of the jury the right to fix the date from which interest should begin to run. 120 Va., at pages 637, 638. To the same effect, see *Latham* v.

---

[1]Prior to the Code of 1919 (§ 6259) these provisions were carried in separate sections. In the Code of 1887, § 3390 dealt with the allowance of interest in an action on contract or for tort, as fixed by the verdict of the jury. Section 3391 dealt with the allowance of interest "in any suit in equity." The same distinction had been recognized in the Code of 1849, ch. 177, §§ 14 and 18, respectively. Here, for the first time, § 14 provided for the allowance of interest in a tort action as well as one arising from contract.

*Powell,* 127 Va. 382, 404, 103 S. E. 638, and *Riverside & Dan River Cotton Mills, Inc.* v. *Thomas Branch & Co.,* 147 Va. 509, 520, 521, 137 S. E. 620, 52 A. L. R. 213.

In its written opinion in the present case the lower court held that since the amount of the plaintiff's claim was unliquidated, interest could not be awarded thereon until the amount had been fixed by the verdict of the jury under the holdings in *Stearns* v. *Mason,* 24 Gratt. (65 Va.) 484, and *Pittston Company,* v. *O'Hara,* 191 Va. 886, 63 S. E. 2d 34. But in neither of these cases were we concerned with the award of interest as fixed by the verdict of the jury. *Stearns* v. *Mason* was a suit in equity in which no jury was impaneled. *Pittston Company* v. *O'Hara* was a statutory proceeding for the appraisal of the value of the stock of certain stockholders dissenting to a proposed merger. Similarly, no jury was impaneled in that proceeding.

See also, *Wolford* v. *Williams,* 195 Va. 489, 499, 78 S. E. 2d 660, 665; *Safway Steel Scaffolds of Virginia* v. *Coulter,* 198 Va. 469, 478, 94 S. E. 2d 541, 548, dealing with the allowance of interest pursuant to Code, § 8-223, in a suit in equity.

Since according to the plaintiff's testimony his services were concluded on July 24, 1943, and the amount of his claim was then due, it was quite proper for the jury to have awarded him interest from that date. *Hayes* v. *Parker,* 177 Va. 70, 86, 87, 12 S. E. 2d 750, 756.

We hold that the lower court erred in disallowing the interest on the plaintiff's claim as fixed by the verdict of the jury. In accordance with the verdict, a judgment will be here entered in favor of the plaintiff for the principal sum of $1,500 with interest thereon from July 24, 1943, until paid. The plaintiff having substantially prevailed in this proceeding will recover his costs. Code, § 14-178.

*Affirmed in part, reversed in part, and final judgment.*