JUSTICE LACY
delivered the opinion of the Court.
*476 In this appeal, Teronnie Holmes challenges the amount of the damage and attorneys’ fee awards entered in his favor against LG Marion Corporation (LG Marion) for a willful violation of the Virginia Consumer Protection Act (VCPA), Code §§ 59.1-196 through -207. Holmes also asserts that the trial court erred in striking Holmes’ claim for a violation of the Magnuson-Moss Warranty Act (the Warranty Act), 15 U.S.C. § 2301, et seq. (1996). We will affirm the judgment of the trial court because we conclude that the trial court did not abuse its discretion in determining the amount of the attorneys’ fee award or in refusing to enhance the amount of actual damages pursuant to Code § 59.1-204. Although the trial court erred in striking Holmes’ claim for a violation of the Warranty Act, such error was harmless.
On March 21, 1996, Holmes purchased a 1989 Isuzu Impulse Turbo automobile from LG Marion. The Isuzu had previously been owned by Rian Kirkman. In 1993, when Kirkman purchased the vehicle for $5,790, the odometer showed 27,941 miles. According to Kirkman, the vehicle leaked oil “like a sieve,” emitted white smoke from the tailpipe, the transmission made noises, and he had performed little maintenance on the vehicle. In 1996, Kirkman sold the vehicle to Tyson’s Ford for a trade-in cash value of $1,600. LG Marion purchased the vehicle from Tyson’s Ford for $2,100.
Prior to his purchase, Holmes visited the dealership and test drove the vehicle with Marion Cloud, the owner and principal salesman of LG Marion. Holmes asked Cloud about a “whining noise” coming from the vehicle. Cloud told Holmes the noise was the sound of the turbo-charged engine. Holmes again asked about the “whining noise” when he returned to purchase the vehicle, and was again told that it was the sound of the engine.
Holmes paid $5,695 for the vehicle and $795 for the “Wynn’s Product Warranty Program.” This program was described as a “limited warranty agreement” between Holmes and Wynn Oil Company. It provided for reimbursement to Holmes by Wynn of up to $3,000 for certain costs incurred to repair or replace parts for two years following the purchase of the vehicle. Holmes also received a “Buyers Guide” indicating that the vehicle was being sold without a service contract and “as is;” however, Holmes was not asked to and did not sign an acknowledgement in the “Buyer’s Guide” stating that the vehicle was sold “as is.” At the time Holmes purchased the vehicle, the odometer showed 83,945 miles.
*477 Within a few days of the purchase, while changing the oil in the vehicle, Holmes discovered that the oil had turned black. Following a trip to Kentucky in early April, the vehicle began to emit smoke, make noises, shake, and use large quantities of oil. According to Holmes, the vehicle ran “like a lawnmower.” LG Marion refused Holmes’ request to repair the vehicle. At this point, the odometer showed over 89,700 miles. In May, Holmes took the vehicle to an Isuzu dealership and was told that the whining noise came from the transmission, and that the engine, transmission, and exhaust systems required overhaul or replacement. The dealership estimated the cost of these repairs to be at least $5,000. Holmes did not seek repair under the Wynn’s Product Warranty Program. The vehicle subsequently stopped running.
Holmes filed a motion for judgment against LG Marion alleging a violation of the Warranty Act, common law fraud, constructive fraud, violations of the VCPA, and breach of contract. At a bench trial, following presentation of Holmes’ liability evidence, the trial court granted LG Marion’s motion to strike Holmes’ claim under the Warranty Act. At the close of all evidence, the trial court awarded Holmes $4,000 in actual damages, and found that LG Marion had willfully violated the VCPA by misrepresenting the condition of the vehicle to Holmes prior to the sale. The trial court denied Holmes’ motion seeking reconsideration of its ruling striking his Warranty Act claim and refusing to increase the damage award under Code § 59.1-204(A) of the VCPA.
Following this ruling, the parties presented further evidence and argument to the trial court on Holmes’ request for $18,532 in attorneys’ fees, $1,389.81 in costs, pursuant to Code §§ 59.1-204(B), 14.1-178, and -198, and $2,757.30 in attorneys’ fees and costs as sanctions under Rule 4:12(c).[1] The trial court awarded Holmes $4,000 in attorneys’ fees pursuant to Code § 59.1-204(B), and $1,500 in costs pursuant to Code §§ 14.1-178 and -198, and Rule 4:12(c).
On appeal Holmes assigns error to the actions of the trial court in failing to increase the damage award under Code § 59.1-204(A) to reflect LG Marion’s willful violation of the VCPA, in “limiting Mr. Holmes’ attorneys’ fees under Code § 59.1-204(B) to his awarded damages,” and in striking his claim under the Warranty Act.

*478
I. Enhanced Damages

Holmes does not challenge the amount of actual damages awarded by the trial court. He asserts, however, that the trial court should have trebled the $4,000 actual damage award because it found that LG Marion engaged in a “willful” violation of the VCPA. Holmes bases his request on Code § 59.1-204(A), which states that “[i]f the trier of fact finds that the violation [of the VCPA] was willful, it may increase the damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater.” Code § 59.1-204(A). This section, Holmes asserts, represents the General Assembly’s intent that willful violators of the VCPA suffer a punitive sanction in the form of enhanced damages.
The purpose of Code § 59.1-204(A) is to provide a penalty for intentional violations of the VCPA in addition to restitution for damages incurred. The General Assembly, nevertheless, did not mandate the imposition of such penalty, but left that decision to the discretion of the trier of fact. Therefore, on appellate review, we will not disturb the trial court’s decision unless we find that the decision was an abuse of discretion.
LG Marion’s violation of the VCPA was willful, according to the trial court, because LG Marion knew there were problems with the vehicle. When Holmes asked about its condition, LG Marion either intentionally misrepresented the condition of the vehicle or purposely failed to ascertain its true condition. In determining the damages, however, the trial court expressed concern over its ability to ascertain the damage which flowed from this misrepresentation. Holmes drove the vehicle over 6,000 miles after he noticed the problems with it and before he had the vehicle independently evaluated in order to determine its true condition. Holmes’ actions in this regard not only had an adverse effect on determining the actual damages Holmes incurred, but also on the extent punitive sanctions should flow from the willful misrepresentation.
While the VCPA is remedial legislation and should be liberally applied, the statutory authorization to impose enhanced actual damages is not a requirement to do so. Under the facts of this case, we cannot say that the trial court applied erroneous principles of law or otherwise abused its discretion in declining to impose enhanced damages under Code § 59.1-204(A).

*479
II. Attorneys’ Fees

Holmes’ next assignment of error is that the trial court erred “by limiting Mr. Holmes’ attorney’s fees under Section 59.1-204(B) to his awarded damages.” We reject this assignment of error on two grounds. First, although Holmes asserts that the trial court “limited” his attorneys’ fee award to the amount of his actual damages, nothing in the record, other than the fact that the amounts are identical, supports this conclusion.
Holmes argues that he introduced sufficient evidence to support his claim that the requested fees of over $18,000 were reasonable. LG Marion, Holmes asserts, presented no evidence rebutting the reasonableness of these fees and thus, in awarding only $4,000 in attorneys’ fees, the trial court ignored Holmes’ evidence and improperly limited the amount of the attorneys’ fees award to the amount of his damage recovery. We disagree.
In discussing Holmes’ request for attorneys’ fees, the trial court did not make any statement reflecting either a belief or a requirement that the amount of the attorneys’ fees should be limited to the amount of actual damages. Rather, the trial court evaluated the nature of the litigation and the work performed by counsel. The trial court concluded that the fee amount Holmes requested was “unreasonable” for a “case of this nature.” This record simply does not support the assertion by Holmes that the trial court limited its award of attorneys’ fees to the amount of the damage award.
We also reject this assignment of error to the extent it includes an argument that the attorneys’ fees award was inadequate. When, as here, recovery of attorneys’ fees is authorized by statute, the fact finder must determine “from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case.” Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 111, 413 S.E.2d 611, 621 (1992). The trier of fact must “ ‘weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services.’ ” Beale v. King, Administratrix, 204 Va. 443, 446, 132 S.E.2d 476, 478-79 (1963) (citation omitted). On appeal the trial court’s determination of the amount of the attorneys’ fees to be awarded will be set aside only upon a finding of abuse of discretion. See Coady v. Strategic Resources, Inc., 258 Va. 12, 18, 515 S.E.2d 273, 276 (1999); RF&P Corporation v. Little, 247 Va. 309, 323, 440 S.E.2d 908, 917 (1994); *480 Rappold v. Indiana Lumbermens Mutual Ins., 246 Va. 10, 15-16, 431 S.E.2d 302, 306 (1993).
Holmes produced numerous records and the affidavit of an expert witness to support the reasonableness of his fee request. LG Marion did not contest the hourly fee rate of Holmes’ counsel, but it did object to the inclusion of a number of items which it asserted were “excessive, redundant or otherwise unnecessary.” The items challenged by LG Marion included time spent in seeking to disqualify LG Marion’s counsel, time LG Marion alleged was spent as a result of lack of preparation by Holmes’ counsel, and time spent on claims upon which Holmes did not prevail. Furthermore, although Holmes submitted expert opinion evidence regarding the reasonableness of the fees, the trial court was not bound by that testimony. Beale, 204 Va. at 446, 132 S.E.2d at 478.
As recited above, the trial court considered the evidence before it, the circumstances of the litigation, and its “own experience and knowledge of the character of such services” in reaching its decision. It determined that the amount requested was unreasonable and that an award of $4,000 in attorneys’ fees was reasonable. Based on this record we cannot say that the trial court abused its discretion in determining the amount of the award of attorneys’ fees.[2]

III. Warranty Act Claim

Count I of Holmes’ motion for judgment alleged that LG Marion breached the Wynn’s Product Warranty Program and breached the implied warranty of merchantability in violation of the Warranty Act. The trial court dismissed Count I, holding that Holmes failed to prove that LG Marion violated the warranty contained in the Wynn’s Product Warranty Program. Dismissal of the entire count was error because the claim for breach of the implied warranty of merchantability in violation of the Warranty Act was a separate claim unconnected to the alleged breach of the Wynn’s Product Warranty *481 Program. For the reasons that follow, however, we conclude that the trial court’s error was harmless because it did not deny Holmes the ability to recover any sums in addition to those awarded by the trial court.
As Holmes conceded, the actual damages he would be entitled to recover resulting from a violation of the VCPA and of the Warranty Act are the same.[3] Holmes has not challenged the amount of actual damages awarded by the trial court and a litigant is not entitled to double recovery of actual damages. See Tazewell Oil Co., 243 Va. at 113, 413 S.E.2d at 621-22. Therefore, striking the allegations of a violation of the Warranty Act was harmless as to the amount of actual damages which Holmes could recover in this action.
The VCPA and the Warranty Act allow recovery of attorneys’ fees.[4] Both statutes require that the award of attorneys’ fees be reasonable as determined by the trial court. As discussed above, the trial court in this case determined that Holmes’ requested attorneys’ fees were unreasonable and awarded an amount it considered reasonable for this case. There is no indication that the determination of reasonable attorneys’ fees would be different if made pursuant to the Warranty Act.
The only possible difference between recovery under the VCPA and the Warranty Act is the potential recovery of costs and expenses of litigation. The VCPA provides recovery for “court *482 costs” and the Warranty Act allows recovery of “cost and expenses . . . determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action . . . 15 U.S.C. § 2310(d)(2). Costs and expenses recoverable under the Warranty Act could include recovery for trial-related expenses such as expert witness fees, which are not recoverable under the rubric of “court costs” allowed by Code § 59.1-204(B).
However, in addition to the court costs authorized by the VCPA, Holmes sought recovery of litigation expenses pursuant to Code §§ 14.1-178 and -198, and Rule 4:12(c). Holmes’ request pursuant to Code §§ 14.1-178 and -198 included not only filing fees, service fees, and subpoena fees, but also reasonable costs for depositions taken out-of-state and the “fees and/or costs to secure” the services of two of Holmes’ witnesses. The total requested for these items was $1,389.81.[5]
Holmes also sought $2,757.30 as sanctions under Rule 4:12(c) for attorneys’ fees, costs, and expenses incurred for the services of his automotive expert Godfrey and to conduct the deposition of Kirk-man. Approximately $1,600 of this amount was designated as attorneys’ fees, and the remaining amount was for the same witness’ expenses listed in Holmes’ request for costs under Code §§ 14.1-178 and -198.
The trial court considered all these requests and awarded Holmes $1,500 pursuant to Code §§ 14.1-178 and -198, and Rule 4:12(c). This award for litigation expenses was not limited to the court costs allowed under the VCPA. The only limitation on the award imposed by these sections and this rule is that the amount of the award be reasonable, in the opinion of the trial court. This same limitation - reasonableness - is imposed on litigation expenses recoverable under the Warranty Act.
Under these circumstances, we conclude that the expenses requested and recovered by Holmes encompassed the same type of expenses he could have recovered under the Warranty Act. There is nothing in this record to indicate that any expense, and certainly no significant expense, related to the litigation was omitted from Holmes’ request for recovery of costs and expenses presented to the trial court. The rationale of reasonableness was applied by the trial *483 court to Holmes’ requests. There is no indication that a different result would have been reached had the trial court applied the standard of reasonableness under the Warranty Act.
In summary, because there would have been no difference in the amount of actual damages, reasonable attorneys’ fees, court costs, and reasonable litigation expenses had Holmes pursued and prevailed in his claim for a breach of the implied warranty of merchantability in violation of the Warranty Act, the trial court’s error in striking Holmes’ claim under the Warranty Act was harmless.
For the above reasons, we will affirm the judgment of the trial court.

Affirmed.

 Code §§ 14.1-178 and -198 were repealed in 1998. Code §§ 17.1-601 and -626, effective October 1, 1998, are the successor statutes, respectively, and contain no substantive changes. For purposes of this opinion we will refer to the provisions by their former statutory designations.

 Holmes also argues here, as he did before the trial court, that the amount of attorneys’ fees should be calculated by the so-called “lodestar” award method. That method requires identification of the hours reasonably incurred in the litigation multiplied by a reasonable hourly rate and then adjustment of the award by consideration of a number of specific factors. Hensley v. Eckerhart, 461 U.S. 424 (1983). Because we conclude that the attorneys’ fee award is reasonable in this case, we do not address this argument. Nevertheless, as LG Marion points out, many of the factors cited within the “lodestar” approach are included in the elements considered by the trial court here, including the novelty and difficulty of the questions raised, the skill required, and the “overall relief obtained by the plaintiff in relation to the hours expended on the litigation.” Id. at 435.

 The VCPA states in relevant part:
Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages. . . .
Code § 59.1-204(A).
The provision of the Warranty Act relating to damages states:
[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal or equitable relief.
15 U.S.C. § 2310(d)(1).

 The provisions relating to attorneys’ fees state:
[I]n addition to any damages awarded, such person also may be awarded reasonable attorney’s fees and court costs.
Code § 59.1-204(B).
If a consumer prevails . . . , he may be allowed by the court to recover ... a sum equal to the aggregate amount of cost and expenses (including attorneys’ fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff . . . .”
15 U.S.C. § 2310(d)(2).

 We note that although this amount is less than the sum of the amounts assigned to each element of expense sought, it is the total amount Holmes requested under these statutory provisions in both his pleadings and argument before the trial court.