## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Thomas E. Elstner

v.

Arnold S. Golden

August 31, 2001

Case No. CL01-61

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this civil appeal, a creditor seeks to recover attorney's fees incurred in connection with a debt collection. The case was tried without a jury on August 28, 2001. After hearing the evidence and arguments of counsel, the court made the following factual determinations.

Elstner performed dental services for Golden (and his family). Golden's balance exceeded $3,000.00 between 1998 and 2000. In April or May 2000, Elstner sent a "standard" or "form" notice to Golden regarding the account arrears. Elstner then referred the account to Walter J. Sheffield, an attorney, for collection. On May 10, 2000, Sheffield sent Golden a collection letter for $4,466.66. At the bottom of the letter, he explained that the amount due consisted of the original debt of $3,284.01, interest to that date of $89.07, and attorney's fees of $1,093.58. Sheffield's letter told Golden to pay that total amount to Sheffield within 30 days. Instead of paying Sheffield, Golden went to Elstner's office on June 8, 2000, and paid only the amount of the original debt plus interest.

Elstner did not agree that this payment would satisfy the indebtedness. In July of 2000, Elstner's staff marked the attorney's fees as a "transaction writeoff" and zeroed out Golden's account, only because Elstner did not know what else to do as a bookkeeping measure "since this had never happened" to him before.

Elstner's arrangement with Sheffield required Elstner to pay $1,093.58 to Sheffield as an attorney's fee for Sheffield's collection efforts in this matter. Elstner has paid Sheffield.

Golden's services contract with Elstner obligates him to pay "all attorney's fees which shall be fixed at one third of [the] outstanding balance, plus court costs, whether suit is filed or not," if the balance of the account is unpaid 90 days after services are rendered.

Based upon these factual findings, the court held that there had been no accord and satisfaction and that Golden owed Elstner attorney's fees under the provisions of their contract. The court took under advisement the question of the amount of recovery. This opinion letter addresses that remaining issue.

### Applicable Legal Principles

Elstner contends that this fixed fee contract is enforceable and that the court has no authority to alter or reform it.

Golden argues that even a fixed fee contract requires a showing of reasonableness of the fee. Because Golden presented expert testimony of a local practicing attorney, who opined that a reasonable fee in this case would be only $250.00, he contends that the court should award no more than $250.00 attorney's fees.

An attorney who seeks to recover legal fees from a client must establish, as an element of the attorney's prima facie case, that the fees charged are reasonable and necessary. This is so even when the amount is fixed by contract because the law closely governs attorney-client relationships. See *Seyfarth v. Lake Fairfax Seven, Ltd. Partnership*, 253 Va. 93, 480 S.E.2d 471 (1997); *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 499 S.E.2d 829 (1998).

Attorney's fees to be paid by debtors to creditors in the event of default are governed by similar rules.

The holder of a note or an obligee under a contract which provides for a fixed attorney's fee is entitled to recover such reasonable attorney's fee as may be incurred by him, not to exceed the amount specified in the note or contract. *Richardson v. Breeding*, 167 Va. 30, 187 S.E. 454 (1936); also see *Grand Piano Co. v. Lewis*, 179 Va. 281, 19 S.E.2d 86 (1942); *Cox v. Hagan*, 125 Va. 656, 100 S.E. 666 (1919); and Costello, *Virginia Remedies* (1997), § 19-1(E)(2).

In this line of cases, reasonableness is often linked to "unconscionable," implying that reasonableness should be construed to mean "not unconscionable." Sometimes, reasonableness seems to be expressed in terms

of "not excessive." Often time, reasonableness is said to reflect what others in the community charge for such services in similar cases.

In any event, it is held that determining the amount of a reasonable attorney's fee lies within the sound discretion of the court. If a contract stipulates recovery of a percentage that is commonly used in the profession, there is a rebuttable presumption of reasonableness. See *Schwab v. Norris*, 217 Va. 582, 231 S.E.2d 222 (1977); *Richardson v. Breeding, supra.*

Expert testimony of reasonableness is not binding on the court. A trial judge may consider his or her own knowledge of the character of legal services provided. *Holmes v. LG Marion Corp.*, 258 Va. 473, 521 S.E.2d 528 (1999).

Apart from reasonableness, there is the issue of recovering an attorney's fee for the time devoted to litigating for the award of an attorney's fee. Although there is a split of authority, see *The Law of Damages in Virginia* (Virginia C.L.E. 2000), p. 208, this court is of the opinion that the better view, at least under the facts of this case, is that such efforts should be included in calculating the amount of the fee.

Therefore, the court concludes that Elstner, the creditor who incurred $1,093.58 in attorney's fees in connection with the collection activity against Golden, is entitled to recover against Golden the amount incurred that is reasonable, i.e., not excessive under all the circumstances of the case, not to exceed one third of the account balance.

## *Decision*

Considering all of the facts and circumstances, including the attorney's time spent in setting up the collection account, writing the collection letter, conferring with Elstner regarding Golden's direct payment of the account balance to Elstner's office, and litigating this matter in general district and circuit courts, the court is of the opinion that the amount specified in the contract, $1,093.58, is reasonable. Accordingly, judgment will be entered in favor of Elstner against Golden in the sum of $1,093.58.