# CIRCUIT COURT OF LOUDOUN COUNTY

William George Prince

    v.

Rebecca Joyce Prince

December 19, 2005

Case No. (Chancery) 23878

BY JUDGE JAMES H. CHAMBLIN

At the hearing on December 9, 2005, I took under advisement the Rule to Show Cause against Ms. Prince for her failure to pay Mr. Prince's attorney's fees as required by the *Pendente Lite* Consent Order entered November 5, 2004.

For the reasons hereinafter set forth, I reverse my ruling on Ms. Prince's Motion to Determine Reasonable Attorney's Fees, which I denied on August 1, 2005. As explained further below, I think Ms. Prince should be given the opportunity to challenge not only the reasonableness but also the necessity of the attorney's fees she is ordered to pay under the *Pendente Lite* Consent Order.

*Prior Procedural History*

The aforesaid *Pendente Lite* Consent Order memorialized the parties' agreement reached on September 9, 2004. Paragraph 16 of the order states: "16. Ms. Prince shall pay Mr. Prince's attorney's fees through September 9, 2004, no later than January 7, 2005."

It is undisputed that Ms. Prince has not paid any of Mr. Prince's attorney's fees.

On April 14, 2005, Ms. Prince filed a Motion to Determine Reasonable Attorney's Fees in which she requested the Court to "determine reasonable attorney's fees incurred up to the date of the September 9, 2004, *Pendente Lite* hearing."

On June 21, 2005, Mr. Prince filed a Petition for Rule to Show Cause against Ms. Prince for her failure to pay his attorney's fees under the *Pendente Lite* Consent Order. Ms. Prince's Motion to Determine Reasonable Attorney's Fees and the Rule against her were heard by me on August 1, 2005.

On August 1, 2005, I ruled as follows. (1) Ms. Prince's Motion to Determine Reasonable Attorney's Fees was denied because there is no provision in paragraph 16 of the *Pendente Lite* Consent Order that Mr. Prince's attorney's fees must be reasonable. See paragraph 3 of the order entered September 12, 2005. (2) The Rule against Ms. Prince was continued to September 13, 2005, at which time she could challenge whether all or part of the attorney's fees were actually incurred by Mr. Prince in this divorce case. See paragraph 6 of the order entered September 12, 2005.

The hearing did not go forward on September 13, 2005, and was eventually rescheduled for December 9, 2005.

On December 9, 2005, Ms. Joffe (she has since been granted leave to withdraw and Mr. Hirsch has appeared for Ms. Prince) proffered to the Court a "Revised Redacted Consolidated Statement of Account for Professional Services from 05/13/04 through 09/09/04" prepared by Ms. Adler, counsel for Mr. Prince (the "Statement of Account"). Ms. Adler represented to the Court that the Statement of Account did in fact show attorney's fees totaling $21,750.00, which Mr. Prince claims is owed by Ms. Prince.

After listening to the argument of counsel, I took this attorney's fee issue under advisement.

Subsequent to the hearing in this case, I heard another case involving attorney's fees. Although the issue was not exactly the same in that case, counsel did cite several cases that led me to do more research on the issue presented in this case.

After considering the cases listed below, I conclude that, in any case for the recovery of attorney's fees from a client, the attorney must establish, as an element of the attorney's *prima facie* case, that the fees charged are reasonable and necessary. This rule applies even when the amount is fixed by contract because the law closely governs attorney-client relationships. Further, the party claiming the legal fees has the burden of proving *prima facie* that the fees are reasonable and were necessary.

If an attorney can recover only reasonable and necessary's fees from his client, then any other person obligated to pay the client's legal fees is only responsible for reasonable and necessary's fees.

I base my foregoing opinion on the following cases: *Beale v. King*, 204 Va. 443 (1963); *Mullins v. Richlands National Bank*, 241 Va. 447 (1991); *Seyfarth, Shaw v. Lake Fairfax Seven, Ltd. Prtnrshp.*, 253 Va. 93 (1997); *Chawla v. BurgerBusters, Inc.*, 255 Va. 616 (1998); *Elstner v. Golden*, 56 Va. Cir. 378 (2001) (Spotsylvania County); *Turner v. Yeatras*, 49 Va. Cir. 395 (1999) (Winchester City).

I reverse my decision denying Ms. Prince's Motion to Determine Reasonable Attorney's Fees. She is entitled to challenge the reasonableness and necessity of Mr. Prince's attorney's fees both as a defense to the Rule and by her Motion.

The ruling set forth in paragraph 3 of the order entered September 12, 2005, is vacated. "A trial court is empowered to change a legal determination as long as it retains jurisdiction over the proceedings before it." *Turner v. Wexler*, 244 Va. 124 (1992).

If the parties cannot agree on the amount of attorney's fees to be paid by Ms. Prince, then counsel may schedule a further hearing. If such a hearing is scheduled, then Mr. Prince has the burden or proving *prima facie* that the fees are reasonable and were necessary and Ms. Prince will have the opportunity to present evidence tending to show a lack of reasonableness and/or necessity.