COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


CHRISTOPHER D. HIRST

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0097-04-1                      JUDGE WALTER S. FELTON, JR.
                                                        MAY 3, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

James C. Hawks (James C. Hawks, P.C., on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Christopher D. Hirst (appellant) was convicted after a bench trial of obstructing justice,

disorderly conduct, and aggravated sexual battery of M.H., a thirteen-year-old boy, in violation of

Code § 18.2-67.3.  On appeal, appellant challenges only the aggravated sexual battery conviction.

He contends the evidence was insufficient to prove that (1) he touched M.H.'s "intimate parts," as

defined in Code § 18.2-67.10(2), and (2) that he intended to "sexually abuse" M.H., as defined in

Code § 18.2-67.10(6).  Finding no error, we affirm the conviction.

BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  We discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all fair inferences that may be drawn from that evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

So viewed, the evidence established appellant was drinking at the bar of a restaurant when thirteen-year-old M.H. entered to return an incorrect take-out order obtained earlier from the restaurant. M.H.'s mother waited for him in the car outside. Appellant observed M.H. at the restaurant counter and told him, "Come here." When M.H. responded "no," appellant grabbed his arm, and while holding him with his left hand, placed his right hand on M.H.'s chest and started rubbing. Appellant then moved his right hand below M.H.'s beltline and inside his underwear. M.H. testified that appellant touched his pubic hair and rubbed him for roughly "five to six seconds," but that appellant did not touch his genitals or "private parts." M.H. demonstrated to the trial court how and where appellant touched and rubbed him. M.H. twice told appellant to stop, and subsequently was able to break away from appellant's grip. After he was able to get away from appellant, M.H. took the corrected take-out order, and returned to his mother's car, telling her what had happened inside the restaurant. She immediately found a police officer who was in the parking lot and told him what her son said happened in the restaurant. That officer, and another who was also in the area, escorted appellant out of the restaurant. M.H. identified appellant as the person who had assaulted him. The officers described appellant as being uncooperative, belligerent, and intoxicated.

At trial, appellant testified he approached M.H. because his pants were too low, but he denied touching M.H. He admitted he was intoxicated when the events took place. Appellant argued that M.H. testified appellant touched only his pubic hair, not any of the "intimate parts" defined in Code § 18.2-67.10(2). The trial court rejected appellant's argument, and found that the evidence, including M.H.'s demonstration of how and where appellant touched him, was sufficient to prove that appellant touched M.H. in his "groin area," and convicted him of

violating Code § 18.2-67.3.  It sentenced appellant to four years in prison, suspending three years and eleven months of that sentence.  This appeal followed.

## ANALYSIS

### I.

On appeal, appellant contends that the evidence was insufficient to establish that he touched M.H.'s "intimate parts" as defined in Code § 18.2-67.10(2).  He specifically contends that the trial court erred in concluding that "intimate parts" included M.H.'s pubic hair, because "pubic hair" is not an enumerated body part described in Code § 18.2-67.10(2).  He also contends that the evidence fails to prove he had the requisite intent to sexually abuse M.H.  For the following reasons, we affirm appellant's conviction.

### II.

We will not disturb the conviction by a trial court unless plainly wrong or without evidence to support it.  Code § 8.01-680; McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*).  Where there is credible evidence to support the conviction, we will not substitute our judgment for that of the trial court sitting as the fact finder. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*).  "[I]t is within the province of the trier of fact," here the trial court, to determine the credibility of the witnesses, and such determinations will be disturbed on appeal only if inherently incredible. Correll v. Commonwealth, 42 Va. App. 311, 323, 591 S.E.2d 712, 718 (2004) (citations omitted).

Code § 18.2-67.3 defines aggravated sexual battery as the "sexual abuse" of a victim who is at least thirteen but less than fifteen years old, against the victim's will by force, threat, or intimidation. Code § 18.2-67.10(6) defines "sexual abuse" as "an act committed with the intent to sexually *molest*, arouse, or gratify any person" where "[t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts." (Emphasis added). "Intimate parts" is defined in Code § 18.2-67.10(2) as "the genitalia, anus, *groin*, breast, or buttocks of any person." (Emphasis added).

M.H., thirteen at the time of the events, testified appellant touched his pubic hair but not his "private parts" or genitals. He further testified that appellant's hand remained on his pubic hair, "rubbing" for "about five to six seconds" while he tried to get away. During his testimony, M.H. physically demonstrated to the trial court the exact manner and location of appellant's touching and "rubbing." From that testimony, the trial court expressly found that "the young man [victim] showed he was touched in the groin[1] area, in the groin, on the groin, when he put his hand, where he put it . . . ." Appellant testified that M.H. came "into the restaurant with his pants down to about his knees" and that he "wouldn't pull his pants up." Appellant said he approached M.H. because his pants were hanging too low. When the trial court specifically asked him if he had "touched" M.H., appellant stated, "No, sir, definitely not, not that I'm aware of." The trial court noted that appellant did not maintain he was trying to pull M.H.'s pants up. As a result, the only testimony before the trial court concerning the touching was that of M.H.

From the record, it is clear that the trial court found M.H.'s testimony credible, while discounting appellant's testimony that he never touched M.H. See Correll, 42 Va. App. at 323,

---

[1] The "groin" is defined as "the junctional region between the thigh and the abdomen," Dorland's Illustrated Medical Dictionary 899 (29th ed. 2000), or "the fold or depression marking the line between the lower part of the abdomen and the thigh." Webster's Third New International Dictionary 1001 (2002).

- 4 -

591 S.E.2d at 718. "A fact finder may discount an accused's self-serving explanation as a mere effort at 'lying to conceal his guilt.'" Dugger v. Commonwealth, 40 Va. App. 586, 594 n.2, 580 S.E.2d 477, 481 n.2 (2003) (quoting Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001)).

The trial court reasonably concluded from the evidence presented to it, including M.H.'s demonstration of where and how appellant rubbed him, that appellant reached his hand into M.H.'s underwear, touched his pubic hair and rubbed his groin area, an "intimate part" defined in Code § 18.2-67.10(2).

III.

Appellant also contends the evidence was insufficient to prove that he had the requisite intent to "sexually molest, arouse, or gratify any person" as defined in Code § 18.2-67.10.

"'Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact.'" Holley v. Commonwealth, 38 Va. App. 158, 165, 562 S.E.2d 351, 354-55 (quoting Summerlin v. Commonwealth, 37 Va. App. 288, 297, 557 S.E.2d 731, 736 (2002)). "'Intent may be shown by a person's conduct and by his statements.'" Id. at 165, 562 S.E.2d at 355 (quoting Summerlin, 37 Va. App. at 297-98, 557 S.E.2d at 736). Based on our review of the record, considered in the light most favorable to the Commonwealth, as our standard of review requires, we conclude that the trial court could reasonably conclude that appellant intended to sexually molest M.H. by reaching his hand into M.H.'s underwear and rubbing his groin area, an "intimate part" of his body, for five to six seconds.

Appellant contends that evidence at trial showed that in his drunkenness, he took offense at M.H.'s "sloppy appearance," and specifically at the way he wore his pants. He further argues that all the activity took place in an open restaurant where people were in close proximity to what was

happening, and he made no utterance suggesting any sexual intent. Appellant cites no authority or principles of law as to how these circumstances demonstrate he lacked the requisite intent to sexually molest M.H. "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20 (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

Having presented no citations or authority in his brief in support of these contentions, Hirst has waived these arguments on appeal and we need not address them. See Rule 5A:20(e).

Accordingly, we conclude that the trial court did not err in finding that the evidence was sufficient to find appellant possessed the requisite criminal intent to sexually molest M.H.

IV.

For the above reasons, we affirm the trial court's conviction of appellant of aggravated sexual battery.

Affirmed.