COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Alston and Senior Judge Coleman


ANTONIO BUENO RODRIGUEZ, S/K/A
  ANTONIO BUENO-RODRIGUEZ

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1970-10-4                      JUDGE ROSSIE D. ALSTON, JR.
                                                          NOVEMBER 15, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              Richard B. Potter, Judge

              (George J. Wooditch Jr.; Anderson, Graham & Wooditch P.C., on
              brief), for appellant.

              (Kenneth T. Cuccinelli, II, Attorney General; Joshua M. Didlake,
              Assistant Attorney General, on brief), for appellee.  Appellee
              submitting on brief.


        Antonio Bueno Rodriguez appeals his convictions for eight counts of aggravated sexual

battery in violation of Code § 18.2-67.3 and one count of indecent liberties in violation of Code

§ 18.2-370.  On appeal, Rodriguez argues that the trial court erred on two grounds.  First,

Rodriguez contends that the trial court erred in admitting certain hearsay evidence over his

objection.  Second, Rodriguez asserts that the trial court erred in denying his motions to strike for

insufficient evidence.  Because we find that Rodriguez failed to comply with Rule 5A:20(e)'s

requirement to provide sufficient legal authorities in support of his arguments for both

assignments of error, these arguments do not merit appellate consideration.  Epps v.

Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926-27 (2006) (*en banc*); Buchanan v.

Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (holding that unsupported assertions

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of error "do not merit appellate consideration"). Further, "'[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)). Accordingly, we affirm.

## I. BACKGROUND[1]

In late 2008 and early 2009, nine-year-old A.M. was living with her family and Rodriguez. After watching a video at school addressing appropriate and inappropriate physical contact between children and adults, A.M. told her mother that Rodriguez had been "touching [her] parts and that felt really bad." A.M.'s mother confronted Rodriguez and ordered him to leave the family's home. A.M.'s mother also notified the police. Rodriguez agreed to speak with Detective Brazier of the City of Manassas Police Department as part of the police investigation regarding A.M.'s complaint. Not being able to speak Spanish, Detective Brazier asked Detective Perla to interpret the interview with Rodriguez, who did not speak English as his primary language. During the interrogation, Rodriguez eventually admitted to some, but not all, of the allegations that A.M. had related to the police. Subsequently, Rodriguez was charged with one count of attempted aggravated sexual battery in violation of Code § 18.2-67.5, two counts of indecent liberties in violation of Code § 18.2-370, and eight counts of aggravated sexual battery in violation of Code § 18.2-67.3.

At trial, A.M. testified to the sexual contact between her and Rodriguez. When Detective Brazier began to testify to statements Rodriguez made during the interrogation, Rodriguez objected, claiming that the interpreted statements were hearsay because Detective Brazier heard

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

them from Detective Perla, and not Rodriguez himself.  The trial court overruled the objection.

After the Commonwealth rested, Rodriguez moved to strike the evidence.  The trial court

sustained a motion to strike as to the attempted aggravated sexual battery and to one count of

indecent liberties, but denied the motion as to eight counts of aggravated sexual battery and to

one other count of indecent liberties.  At the close of all the evidence, Rodriguez renewed his

motion to strike the remaining nine counts.  The trial court denied the motion and submitted the

case to the jury following closing arguments.  The jury returned a verdict of guilty on all eight

counts of aggravated sexual battery and the remaining count of indecent liberties.  The jury

recommended a sentence of eighteen months in prison for each of the aggravated sexual battery

counts and one year in prison for the indecent liberties count.  The trial court sentenced

Rodriguez consistent with the jury's recommendation.  This appeal followed.

## II.  ANALYSIS

On appeal, Rodriguez assigns as error the trial court's decision to overrule his hearsay

objection during Detective Brazier's testimony and the trial court's decision to deny his motions

to strike.

Rule 5A:20 contains the requirements for an appellant's opening brief and, pertinent to

this case, states that an appellant's opening brief shall contain:  "(e) [t]he standard of review and

the argument (including principles of law and authorities relating to each assignment of error."

We have repeatedly held that an appellant's failure to comply with these requirements constitutes

a waiver of this Court's consideration of an assignment of error.  Montalbano v. Richmond Ford,

LLC, 57 Va. App. 235, 249, 701 S.E.2d 72, 78 (2010) (quoting Parks v. Parks, 52 Va. App. 663,

664, 666 S.E.2d 547, 548 (2008)).  Rodriguez did not provide sufficient legal authorities to

support either assignment of error.  He did not cite *any* cases to support his first assignment of

error.  And, despite an abundance of potentially persuasive legal analysis and authority, see 12

A.L.R. 4th 1016, the cases Rodriguez cited to support his second assignment of error contained

only vague, general statements for assessing the sufficiency of evidence on appeal.[2]  We find

that Rodriguez's failure to adhere to Rule 5A:20(e)'s requirements is significant for both

assignments of error and consequently treat them both as waived.  <u>Parks</u>, 52 Va. App. at 664, 666

S.E.2d at 548.  Because Rodriguez's failure to comply with Rule 5A:20 renders both of his

assignments of error unfit for appellate consideration, we affirm.

<u>Affirmed.</u>

---

[2] While we recognize that the issue of whether rules of evidence regarding hearsay apply to a translated confession has not been addressed by an appellate opinion in Virginia, it is not a novel legal question.  Courts of other states have addressed this issue, and both their legal rationales and their conclusions are divided.  Although Rodriguez recited the definition of hearsay, he failed to provide us the critical legal link between the argument he makes and the conclusion he wishes us to reach.