UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Retired Judge Bumgardner*

CRYSTAL SANTOS

v.      Record No. 0727-18-3

MEMORANDUM OPINION**
PER CURIAM
OCTOBER 30, 2018

BEDFORD COUNTY DEPARTMENT
 OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

(Rebecca L. Wetzel; Wetzel and Washburn, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Patrick J. Skelley, II, County Attorney, on brief), for appellee.
Appellee submitting on brief.

Crystal Santos (mother) is appealing the orders terminating her parental rights to her child,

K.C., and approving the goal of adoption. Mother argues that the circuit court erred by denying her

motion for a continuance.[1] Upon reviewing the record and briefs of the parties, we conclude that

the circuit court did not err. Accordingly, we affirm the decision of the circuit court.

BACKGROUND

"On appeal, 'we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below, in this case the Department.'" Farrell v. Warren Cty.

---

* Retired Judge Bumgardner took part in the consideration of this case by designation
pursuant to Code § 17.1-400(D).

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother does not challenge the sufficiency of the evidence to support the circuit court's
rulings regarding the termination of parental rights and the goal of adoption. Consequently, we
will not address those rulings.

Dep't of Soc. Servs., 59 Va. App. 375, 386, 719 S.E.2d 329, 334 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 18 (1991)).

On November 1, 2017, the Bedford County Juvenile and Domestic Relations District Court (the JDR court) entered an order terminating mother's parental rights to K.C. Mother appealed the JDR court's order to the circuit court. The parties subsequently set the matter for trial in the circuit court for March 28, 2018. The Bedford County Department of Social Services (the Department) prepared a notice of the hearing and mailed copies of the notice to the guardian *ad litem* and mother's counsel.

On March 28, 2018, the circuit court called the case, and mother was not present. The Department stated that it was prepared to have the case heard, even though mother was not present. Mother's counsel made a motion for a continuance. Mother's counsel stated that mother had wanted to appeal the JDR court's ruling, but counsel was not sure whether mother had notice of the March 28 hearing. The Department objected to the continuance and argued that mother had notice of the court date from the social worker. The Department also stated that it had tried to serve mother with notice of the hearing, but mother had moved from her last known address.[2] The social worker testified that during her telephone conversation with mother on February 8, 2018, she informed mother of the March 28 court date. Mother did not indicate whether she would or would not be coming to the hearing. Then, on March 27, 2018, the social worker spoke with the maternal grandmother, who indicated that she did not know where mother was living or how to contact her.

The social worker also testified that K.C. was doing "wonderful" in the foster home. K.C. had lived in the same foster home since he was five days old. The foster family already had adopted two of his siblings and wanted to adopt K.C.

---

[2] Mother previously told the Department that she was living with the maternal grandmother. However, the Department presented evidence that mother had been in and out of the maternal grandmother's house for several weeks before the March 28, 2018 hearing.

The Department informed the circuit court that mother's parental rights had been terminated to four of K.C.'s siblings, and K.C. was the "fifth of five siblings." The guardian *ad litem* told the circuit court that mother was mentally ill. While K.C. was in foster care, mother moved between Virginia, North Carolina, and New Jersey, and had lived in women's shelters and the maternal grandmother's house. Both the Department and the guardian *ad litem* asserted that mother had made "no progress" with the Department's requirements while K.C. was in foster care. In fact, the social worker testified that mother had not seen K.C. since July 2017.

After hearing the evidence and argument, the circuit court denied mother's motion for a continuance and held that mother had "actual knowledge and notice" of the hearing. The circuit court found that K.C. "shouldn't have to wait around until [mother] may or may not decide to be a parent." The circuit court entered orders approving the goal of adoption and terminating mother's parental rights to K.C. pursuant to Code § 16.1-283(B), (C)(1), (C)(2), and (E)(i). This appeal followed.

ANALYSIS

Mother argues that the circuit court erred by denying her motion for a continuance. She contends that she "was prejudiced because she was unable to participate in any of the hearing that rendered her a legal stranger to her biological child."

"The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007). "The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." Id.

The circuit court found that mother had "actual knowledge and notice" of the hearing. "We give 'great deference' to the trial court's factual findings and view the facts in the light most

favorable to the prevailing party below." Andrews v. Creacey, 56 Va. App. 606, 619, 696 S.E.2d 218, 224 (2010) (quoting Blackson v. Blackson, 40 Va. App. 507, 517, 579 S.E.2d 704, 709 (2003)). "On appeal, we will not reverse findings of fact 'unless plainly wrong.'" Budnick v. Budnick, 42 Va. App. 823, 834, 595 S.E.2d 50, 55 (2004) (quoting Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768-69 (2000)).

The circuit court held that mother was "something of a transient" and had an obligation to notify the parties, including the Department, of her current address. The circuit court found credible the social worker's testimony that mother was "definitely aware of the hearing" and that the social worker had informed her of the court date. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has discretion to accept or reject any of the witness' testimony." Layman v. Layman, 62 Va. App. 134, 137, 742 S.E.2d 890, 891 (2013) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)).

Therefore, contrary to mother's arguments, the circuit court did not abuse its discretion in denying mother's motion for a continuance because the evidence supported the circuit court's factual findings that mother had actual notice of the hearing but did not appear.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.