UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Chafin and Senior Judge Haley


CIARA M. VARGAS

                                                    MEMORANDUM OPINION*
v.       Record No. 0530-18-4                           PER CURIAM
                                                     NOVEMBER 13, 2018
ARLINGTON COUNTY DEPARTMENT
  OF HUMAN SERVICES


               FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        William T. Newman, Jr., Judge

            (Isabel Kaldenbach, on brief), for appellant.  Appellant submitting
            on brief.

            (Jason L. McCandless, Assistant County Attorney; G. Rex Flynn,
            Guardian *ad litem* for the minor child, on brief), for appellee.
            Appellee and Guardian *ad litem* submitting on brief.


        The Arlington County Juvenile and Domestic Relations District Court (the JDR court)

entered orders terminating Ciara Vargas' (mother) parental rights to her child and approving the

goal of adoption.  Mother appealed the JDR court's orders to the circuit court, which dismissed her

appeals for her failure to appear at the circuit court hearing.  This appeal followed.  Mother argues

that the circuit court erred because "[i]t considered the matter without proper service to all

parties."  Upon reviewing the record and briefs of the parties, we conclude that the circuit court did

not err.  Accordingly, we affirm the decision of the circuit court.

                                      BACKGROUND

        "On appeal, 'we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below, in this case the Department.'"  Farrell v. Warren Cty.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Dep't of Soc. Servs., 59 Va. App. 375, 386, 719 S.E.2d 329, 334 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 18 (1991)).

Mother is the biological mother to the child, who was born in September 2013 and is the subject of this appeal. In December 2015, mother and the child were residents of California, but visiting Virginia. On December 16, 2015, the police arrested mother for prostitution. The police also observed marijuana and smelled marijuana in the hotel room where mother and the child were staying. The police requested the Department's assistance because the child was with mother at the time of her arrest and there were no other appropriate caregivers. The child came into the Department's care on that day.

The Department provided numerous services to mother while the child was in foster care. After a social worker from the Interstate Compact on the Placement of Children (ICPC) found mother's home in California to be appropriate, the Department arranged for a trial home visit. Since that time, mother moved several times, without notifying the Department of her moves or seeking approval of the homes for the child. While the child was living with mother in California, mother's probation officer reported that mother had completed substance abuse counseling, but then relapsed with positive drug screens on March 4, April 12, May 16, and June 19, 2017.

After receiving information from mother's probation officer that mother had moved again and the child was living elsewhere with family, the Department sought an emergency hearing with the JDR court. On July 7, 2017, the JDR court issued a preliminary protective order, which compelled mother to surrender the child to the appropriate authorities. On July 10, 2017, mother surrendered the child, and on July 11, 2017, the Department travelled to California to bring the child back to Virginia.

The Department subsequently sought a change in the foster care goal to adoption, and the JDR court scheduled a hearing for September 14, 2017. Mother's counsel was present at the

hearing, but mother was not present, despite having been served with notice of the hearing date by certified mail, return receipt requested. The JDR court entered an order approving the goal of adoption on September 18, 2017. Mother appealed the JDR court's ruling. On September 28, 2017, the circuit court clerk's office sent a letter to all of the parties, including mother and her attorney, that the case was set for docket call on October 16, 2017. On that date, the circuit court entered an order setting the matter for trial on March 6, 2018 at 10:00 a.m. Mother's counsel endorsed the order.

On October 11, 2017, the Department filed a petition to terminate mother's parental rights, and the JDR court scheduled a hearing for December 13, 2017. Mother's counsel was present at the hearing, but mother was not present, despite having been served with notice of the hearing date by certified mail, return receipt requested. The JDR court entered an order terminating mother's parental rights on December 13, 2017. Mother appealed the JDR court's ruling. On December 18, 2017, the circuit court clerk's office sent a letter to all of the parties, including mother and her attorney, that the case was set for docket call on January 8, 2018. On December 29, 2017, the parties, including mother's attorney, filed a "Praecipe Setting Date for Trial," which stated that the parties agreed for the case to be heard on March 6, 2018 at 10:00 a.m. On January 8, 2018, the circuit court entered a consent order, endorsed by counsel, stating that the case was scheduled for a hearing on March 6, 2018 at 10:00 a.m.

At approximately 11:00 a.m. on March 6, 2018, the circuit court called the case, and mother was not present. The Department made a motion to dismiss mother's appeal pursuant to Code § 16.1-106.1(D), which states:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the

> appeal to be withdrawn without a motion and enter an order
> disposing of the case in accordance with this section.

The Department argued that mother had actual notice of the hearing. Mother's counsel was present at the hearing and admits that it was mother's appeal; however, counsel questioned whether sufficient notice of the hearing was provided to her client.

The Department presented evidence from the social worker who testified that she had spoken to mother on the telephone "[t]his past Friday." The social worker continued, "And during that conversation I asked if she was aware of the upcoming court hearing for today's date, and she had said that she was informed of the hearing by her attorney and that she was making arrangements – trying to make arrangements to come to the hearing." The social worker said that mother never told her that she was not going to be able to come to the hearing. The social worker further testified that she was certain that she was speaking with mother because mother has "a very distinctive voice."

After hearing the arguments, the circuit court agreed with the Department that mother had actual notice of the hearing. Since mother was not present at the hearing, her appeals were considered withdrawn. The circuit court entered an order dismissing the appeals and remanding the case to the JDR court on March 28, 2018. This appeal followed.

ANALYSIS

Mother argues that the circuit court erred in dismissing her appeals. She contends that her due process rights were violated and that "the Department was unable to demonstrate that [she] had been served with notice of the date of the appeal." Mother acknowledges that the Department presented evidence from the social worker that mother was aware of the court date. However, she contends that the social worker's testimony was not sufficient to prove service. We disagree.

The circuit court found that mother had actual notice of the hearing. "We give 'great deference' to the trial court's factual findings and view the facts in the light most favorable to the

prevailing party below." Andrews v. Creacey, 56 Va. App. 606, 619, 696 S.E.2d 218, 224 (2010) (quoting Blackson v. Blackson, 40 Va. App. 507, 517, 579 S.E.2d 704, 709 (2003)). "On appeal, we will not reverse findings of fact 'unless plainly wrong.'" Budnick v. Budnick, 42 Va. App. 823, 834, 595 S.E.2d 50, 55 (2004) (quoting Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768-69 (2000)).

The circuit court explained that it did not "take this lightly" when it granted the Department's motion to dismiss mother's appeals; however, it held that there was sufficient evidence to support the Department's motion. The circuit court found credible the social worker's testimony that "she was certain that the voice she was speaking to as of this past Friday was, in fact, Ms. Vargas and that Ms. Vargas told her that she was aware of the hearing, had been in touch with her counsel about the hearing, and said that she intended to be" at the hearing. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has discretion to accept or reject any of the witness' testimony." Layman v. Layman, 62 Va. App. 134, 137, 742 S.E.2d 890, 891 (2013) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)).

Therefore, contrary to mother's arguments, the circuit court did not err in dismissing mother's appeals pursuant to Code 16.1-106.1(D) because the evidence supported the circuit court's factual findings that mother had actual notice of the hearing and she was not present at the hearing.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.