COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Raphael and Senior Judge Petty
Argued by videoconference

NOURE'S LLC

MEMORANDUM OPINION[*] BY
v.      Record No. 1619-22-2                        JUDGE MARY BENNETT MALVEAUX
                                                             APRIL 16, 2024

S & M CONVENIENCE DELI, LLC, ET AL.

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

C. Jay Robbins, IV (C. Jay Robbins, IV P.C., on brief), for appellant.

(Joshua Farmer; Farmer Legal, PLLC, on brief), for appellees.
Appellees submitting on brief.

Noure's LLC ("Noure") appeals from the circuit court's final order dismissing its appeal

from a general district court judgment because neither party appeared on the trial date.  On appeal,

Noure argues that the circuit court erred in refusing to set aside the judgment and reopen the case.

Finding no error, we affirm the circuit court's judgment.

BACKGROUND

In March 2022, Noure filed an unlawful detainer action in the general district court against

S & M Convenience Deli, LLC ("S&M").  After the general district court ruled in favor of S&M,

Noure filed a notice of appeal to the circuit court.  The notice of appeal set a trial date for September

16, 2022.  Noure also marked a box on the notice of appeal stating that it "underst[ood] that [it]

must contact the circuit court clerk's office for instructions for setting the trial date."  After neither

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Noure nor S&M appeared in the circuit court on September 16, 2022, the circuit court entered an order dismissing the case with prejudice.

On October 3, 2022, Noure moved the circuit court to vacate the dismissal order and reinstate the case to the active docket. It attached a series of emails to the motion, demonstrating that after communicating with opposing counsel, the parties had selected March 29, 2023 as a new trial date. Noure asserted that this date was "cleared" with the circuit court clerk. Noure also attached a copy of a letter it had attempted to fax to the circuit court clerk on September 14, 2022, which confirmed the new trial date, but "[a]pparently" the fax "was not successfully transmitted." Asserting that S&M had suffered no prejudice, Noure asked the circuit court to reinstate the case.

On October 6, 2022, the circuit court entered an order denying the motion. The circuit court noted that the circuit court itself, through a Civil Litigation administrative assistant, scheduled trial dates, not the circuit court clerk's office. It found that "[n]o communication had been received by the Civil Litigation administrative assistant of a confirmed continuance date." Moreover, a law clerk working for the circuit court had called the parties' counsel three days before the September 16, 2022 trial date, "requesting a status of the case," but did not receive a return call before the trial date. It further found that Noure's attempted fax was sent to the clerk's office's telephone number, not the facsimile number, and was "never received."

Noure's counsel subsequently filed a supplemental motion, asserting that in the days before trial he had faced logistical problems while moving his law office. Given those "mitigating circumstances," Noure again asked the court to reinstate the case. The circuit court denied the supplemental motion. This appeal followed.

ANALYSIS

Noure argues that the circuit court erred by not reopening the case.

Code § 16.1-106.1(D) provides:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time of setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

By providing that the circuit court "may" enter an order disposing of the appeal, Code § 16.1-106.1(D) grants a circuit court broad discretionary authority to treat an appeal from a district court as withdrawn when the party who appealed does not appear for trial in the circuit court. *See Wal-Mart Stores East, LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020) (holding that a statute's use of the word "may" provides "a broad[] grant of discretionary authority"); *Sauder v. Ferguson*, 289 Va. 449, 457 (2015) (noting the discretion vested in the trial court when a statute provides that it "may" take an action). Accordingly, we review the circuit court's judgment for an abuse of discretion. *Stark v. Dinarany*, 73 Va. App. 733, 745 (2021) (noting that when "the trial court 'exercises broad discretion in determining the appropriate sanction,' this Court reviews its decision for an abuse of discretion" (quoting *Galloway v. Cnty. of Northampton*, 299 Va. 558, 563 (2021))).

"An abuse of discretion occurs 'only "when reasonable jurists could not differ"'" as to the proper decision." *Carrithers v. Harrah*, 63 Va. App. 641, 653 (2014) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "This highly deferential standard of review, of course, does not 'simply mean that a circuit court may do whatever pleases it.'" *Id.* (quoting *Shebelskie v. Brown*, 287 Va. 18, 26 (2014)). A trial court can abuse its discretion in three principal ways: when it does not consider "a relevant factor that should have been given significant weight"; when it considers and gives "significant weight" to "an irrelevant or improper factor"; and when it considers "all proper factors, and no improper ones," but "in weighing those factors, commits a clear error of judgment." *Da'mes v. Da'mes*, 74 Va. App. 138, 150 (2022) (quoting *Everett v.*

- 3 -

*Tawes*, 298 Va. 25, 40 (2019)). Moreover, a circuit court "definition[ally] abuses its discretion when it makes an error of law." *Wynnycky v. Kozel*, 71 Va. App. 177, 193 (2019) (alteration in original) (quoting *Robbins v. Robbins*, 48 Va. App. 466, 475 (2006)).

Noure asserts that S&M was not prejudiced in this case as it did not appear for trial either and that the record from the general district court demonstrates "a good faith claim for the unlawful detainer." Noure contends that the circuit court abused its discretion in giving no consideration to these factors—the lack of prejudice and its good faith claim on the merits—and instead only considering the miscommunication in resetting the trial date. We disagree. First, there is no indication in the record that the court failed to consider these circumstances. Second, the circuit court was not required to reinstate the case because S&M was not prejudiced or because Noure believed it had a good faith claim. Code § 16.1-106.1(D) explicitly grants a circuit court the authority to dispose of appeals when a defendant does not appear for trial, regardless of whether the opposing party was prejudiced or the strength of the merits of the underlying claim.

Moreover, the circumstances presented here clearly demonstrate that the circuit court did not abuse its discretion in dismissing the appeal pursuant to the statute. The notice of appeal informed Noure that it had to contact the circuit court clerk's office for instructions for setting a new trial date. The circuit court found that while Noure attempted to fax the circuit court clerk with a new trial date, this fax was sent to the clerk's office's telephone number, not the facsimile number, and was "never received." In addition, the court found that Noure did not return the circuit court's phone calls "requesting a status of the case" three days before trial. "We give 'great deference' to the trial court's factual findings . . . ." *Andrews v. Creacey*, 56 Va. App. 606, 619 (2010) (quoting *Blackson v. Blackson*, 40 Va. App. 507, 517 (2003)). "On appeal, we

will not reverse findings of fact 'unless plainly wrong.'" *Budnick v. Budnick*, 42 Va. App. 823, 834 (2004) (quoting *Gilman v. Gilman*, 32 Va. App. 104, 115 (2000)).

On appeal, this Court does not question whether it would have rendered the same judgment. Rather, the only question before us is whether reasonable jurists would uniformly agree that an abuse of discretion has occurred. Under the circumstances of this case, we cannot say that the circuit court abused its discretion by dismissing the appeal and denying the motions to reinstate.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.