COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Petty and Senior Judge Bumgardner

LOUIS JOHN SWALLOW, JR.

                                                MEMORANDUM OPINION*
v.       Record No. 0503-07-4                        PER CURIAM
                                                    AUGUST 7, 2007
URBIETA A. SWALLOW


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              William T. Newman, Jr., Judge

            (Edward V. O'Connor, Jr.; Pamela M. Pacetti; Edward V.
            O'Connor, Jr., P.C., on brief), for appellant.

            (John K. Cottrell; Gannon & Cottrell, P.C., on brief), for appellee.


        Louis Swallow, husband, appeals from the circuit court's final decree of divorce entered

on January 26, 2007. He argues on appeal that the trial court erred in (1) imputing income to

him; (2) awarding two paintings to his son, Jack Swallow; and (3) considering attorney's fees

incurred in the juvenile and domestic relations district court (juvenile court).[1] Upon reviewing

the record and the briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

                                      BACKGROUND

        Husband and wife were married on April 29, 1987, and separated on March 7, 2003. One

child was born of the marriage, and all issues relating to child custody and visitation were

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband withdrew his appeal regarding the reservation of the right to spousal support
and the finding of contempt of court.

adjudicated by prior juvenile court orders. On January 3, 8, and 16, 2007, the trial court heard evidence *ore tenus*.

In its final order, the trial court granted wife a divorce *a vinculo matrimonii* on the basis of cruelty and ordered that husband pay monthly child support in the amount of $386 beginning February 16, 2007. Pursuant to wife's stipulation, the court awarded husband certain personal property. The court awarded wife the remaining personal property "with the exception of the paintings designated as the property of the son." The trial court awarded wife $20,000 in attorney's fees.

IMPUTATION OF INCOME

Husband contends the trial court imputed income to him without "proper evidence concerning his ability to earn and evidence of available jobs."

On appeal, we view the evidence and all reasonable inferences in the light most favorable to the appellee as the prevailing party below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). Husband's resume showed that he earned a Bachelor of Arts degree in economics from Northwestern University in 1980, he speaks Spanish and Filipino in addition to English, and he possesses computer skills. Husband also indicated in his resume that he had been a moving consultant with Global Van Lines and United Van Lines from 1989 through 1993, which employment included his being a sales manager for sixteen counties. From 1994 until 2000, he "[m]anaged $150 - 180,000 [s]ales [t]erritories independently" for the National Federation of Independent Business (NFIB), and in 2001, he worked again for United Van Lines.

Husband's 1996 W-2 form reflected his salary with NFIB as $51,838.92, and he testified that his annual salary with United Van Lines in 2001 was $40,000. From October 2001 until 2005, husband worked sporadically at low-paying or part-time positions. In 2005, husband began working part-time for a Republican Party program called "National Write Your

Congressman," where he earned $7 per hour. Records submitted at the hearing reflected that husband worked 28 hours for the two-week period from September 17 through September 30, 2006, earning $196 plus a bonus of $170.75. From October 1 through October 21, 2006, husband earned $509.25 plus a bonus of $831.25, for total earnings of $1,340.50. From October 25 until November 4, 2006, husband earned $390.25 in salary and $1,085.25 in bonuses, totaling $1,475.50.

In determining the parties' respective child support obligation, the trial court used $6,446 as wife's monthly income. As to husband, the trial court found that husband is well-educated, however, "he has a very problematic work history." It found husband has been and is presently underemployed because he has chosen to work part-time despite wife's "urging him to try to find" more substantial, full-time employment. If husband worked full-time, the trial court found his monthly salary would be $3,385, at a minimum, and it imputed that amount to him.

Income may be imputed "to a party who is voluntarily unemployed or voluntarily underemployed." Code § 20-108.1(B)(3). "When asked to impute income to a parent, the trial court must consider the parent's earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and children." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998). Unless the trial judge misapplies the legal standard or misallocates the burden of proof, the question "'[w]hether a person is voluntarily unemployed or underemployed is a factual determination,'" O'Hara v. O'Hara, 45 Va. App. 788, 798, 613 S.E.2d 859, 864 (2005) (quoting Blackburn v. Michael, 30 Va. App. 95, 102, 575 S.E.2d 780, 784 (1999)), one firmly placed "within the [sound] discretion of the trial court . . . ," Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 601 (1995). Employing the most deferential standard of appellate review, we

reverse factual findings "only if plainly wrong or not supported by credible evidence." Budnick v. Budnick, 42 Va. App. 823, 841, 595 S.E.2d 50, 59 (2004).

The trial judge considered evidence of husband's education, training, and experience, the lack of any physical or mental impairment preventing him from working at his full capacity, his prior history of full-time employment, his salary at those jobs, and his decision to forego full-time employment for part-time employment at a rate not consistent with his background or prior earning capacity. From 1994 until 2001, husband earned a minimum of $40,000 per year, or $3,333 per month.

Using the figures presented at the hearings, if husband worked full-time at $7 per hour at the job he chose to pursue, he could earn $14,560 per year, or $1,280 per month in salary. Moreover, he earned a $1,085.25 bonus for a thirteen-day period from October 25, 2006 until November 4, 2006, thus, he could earn a bonus of $2,170.50 for a full month. The combined amount of monthly salary and bonuses projected for full-time employment would then total $3,450 per month ($1,280 + $2,170), an amount $65 more than the amount the trial court imputed to husband. This calculation, coupled with husband's pre-2002 income history, supports the trial court's finding that husband was voluntarily underemployed and its decision to impute monthly income of $3,385 to husband. That finding and decision are supported by credible evidence and were not plainly wrong. See Budnick, 42 Va. App. at 841, 595 S.E.2d at 59; but cf. Niemiec, 27 Va. App. at 451-53, 499 S.E.2d at 579-80 (finding insufficient evidence mother was underemployed where the statement of facts failed to show she left or ever had a higher paying position or to quantify the "significant compensation" she received as a part-time daycare provider). Accordingly, we cannot say the trial court committed reversible error.

FAILURE TO AWARD HUSBAND "CERTAIN ITEMS OF PERSONAL PROPERTY"

At the hearing, wife testified that her father painted two portraits of the parties' son, Jack, and gave them to her son as gifts. On cross-examination, wife conceded she and husband bought the materials for her father, however, he received no compensation for his work.

In his written objections to the final decree, husband contended the court "erred in awarding the paintings to the Jack [sic], the son of the parties." In his brief, husband makes two specific arguments not made at the hearing: (1) the paintings of the son "are clearly marital property"; and (2) there was insufficient evidence to support the trial court's determination that the paintings were Jack's property, namely, a gift. The record fails to show that husband made either of these specific arguments to the trial court.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). Because the requirements of Rule 5A:18 have not been met, we will not consider this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

IN AWARDING ATTORNEY'S FEES, TRIAL COURT ERRONEOUSLY
CONSIDERED ATTORNEY'S FEES INCURRED IN JUVENILE COURT

Wife filed for divorce in October 2004. The manuscript record from the trial court shows that wife had to file motions in the trial court in March, August, and December 2006 to compel husband to file required papers and comply with discovery. Wife also had to file a show cause motion because husband failed to pay child support, and she had to defend against husband's unsuccessful motion to enter the marital residence.

At the January 2007 *ore tenus* hearing, wife testified, without objection, that she incurred attorney's fees in juvenile court for successfully challenging husband's motion for joint custody. Wife also testified, without objection, that she moved for a protective order in September 2006, for which she incurred attorney's fees. The trial court admitted, without objection, an affidavit of attorney's fees from wife's attorney and detailed statements listing legal work and fees incurred from February 1, 2006 until January 1, 2007. The total of those fees amounted to $51,854.98. To that amount, wife's attorney added $3,500 in fees incurred by her prior attorney, thus making the total $55,354.98.

In awarding wife attorney's fees, the trial court found "because of the significant need for [wife] to have to come back and forth to court, that an award of attorney's fees in the amount of $20,000 would be appropriate."

In his written objections to the final decree, husband argued the trial court "abused its discretion in awarding $20,000 in attorney's fees to the [wife] without determining whether the [husband] had the ability to pay and whether the attorney's fees were reasonable and necessary, especially since the statement of the attorney's fees involved two distinct cases." Thus, husband's objection(s) involved the reasonableness and necessity of the attorney's fees and the failure to examine his inability to pay.

In his brief, husband points to seven entries out of nearly two hundred in wife's attorney's financial statements that mentioned juvenile court appearances or preparation that took place after wife filed her bill of complaint.  However, husband failed to point them out at trial or argue that the trial court should eliminate and not consider any fees relating to juvenile court proceedings.  Moreover, husband never objected to the admission of the documents setting forth and itemizing wife's attorney's fees.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.  See Campbell, 12 Va. App. at 480, 405 S.E.2d at 2.  A trial court must be alerted to the precise issue to which a party objects.  See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).  Because the requirements of Rule 5A:18 have not been met, we will not consider this question on appeal.  Moreover, because the seven enumerated references to juvenile court amounted, at most, to fees totaling less than $4,000 out of the $55,000 in attorney's fees, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.